IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19CR00134-001D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| FRANK RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

The Court, upon consent of the United States of America ("United States"), Lillian Rodriguez, and Defendant Frank Rodriguez ("Defendant") (collectively, "Parties"), hereby ORDERS as follows:

1. Defendant acknowledges that the Court has issued a Writ of Continuing Garnishment against Navy Federal Credit Union [D.E. 39] pursuant to an Application for Writ of Garnishment filed by the United States [D.E. 45]. Defendant agrees that the Writ of Garnishment attaches to 100 percent of the funds indicated in the Answer of Garnishee filed by Navy Federal Credit Union [D.E. 46]. Defendant has been notified of his right to a hearing regarding the garnishment and has requested a hearing to determine exempt property [D.E. 54]. On June 25, 2020, Defendant, with the Consent of the United States, filed a Motion to Stay the hearing request [D.E. 56]. The Motion to Stay was granted by the Court on June 30, 2020 [D.E. 58]. Defendant agrees to file a withdrawal of his hearing request within two weeks of the effective date of this Consent Order. The Parties have agreed to the following terms regarding an Order in Garnishment as to Navy Federal Credit Union:

1

a) Account ending in 9705 ("9705") – Garnishee shall pay the full amount of 9705 to Plaintiff minus $4,453.58 which shall be left in 9705. Account 9705 shall be unfrozen and released from the Writ of Garnishment upon payment of the full amount of the account, minus $4,453.58, by Garnishee;

b) Account ending in 9203 ("9203") - Garnishee shall pay the full amount of 9203 to Plaintiff. Account 9203 shall be unfrozen and released from the Writ of Garnishment upon payment of the full amount of the account by Garnishee;

c) Account ending in ("9408") – No payment should be made from 9408. 9408 shall be unfrozen and released from the Writ of Garnishment;

d) Account ending in ("7605") – No payment should be made from 7605. 7605 shall be unfrozen and released from the Writ of Garnishment;

e) Account ending in ("7606") – No payment should be made from 7606. 7606 shall be unfrozen and released from the Writ of Garnishment.

The United States agrees to file a final Order in Garnishment pursuant to the above outlined terms. Defendant agrees not to contest the final Order in Garnishment so long as the Order represents the above outlined terms. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's criminal judgment.

2. Defendant acknowledges that the Court has issued a Writ of Continuing Garnishment against Franklin Templeton [D.E. 44] pursuant to an Application for Writ of Garnishment filed by the United States [D.E. 36]. Defendant agrees that the Writ of Continuing Garnishment attaches to 100 percent of the funds indicated in the Answer of

Garnishee [D.E. 62]. The Parties have agreed to the following terms regarding funds held by Franklin Templeton:

   a. Account ending in 6469 ("6469") - Garnishee shall pay the full amount of 6469 to Plaintiff. 6469 shall be unfrozen and released from the Writ of Garnishment upon payment of the full amount of the account by Garnishee;

   b. Account ending in 0709 ("0709") - Garnishee shall pay the full amount of 0709 to Plaintiff. 0709 shall be unfrozen and released from the Writ of Garnishment upon payment of the full amount of the account by Garnishee;

   c. Account ending in 2471 ("2471") – No payment should be made from 2471 at this time, however, 2471 shall not be released from the Writ of Continuing Garnishment and Garnishee shall continue to hold funds in 2471 pending further order from the Court;

   d. Account ending in 3311 ("3311") - No payment should be made from 3311. 3311 shall be unfrozen and released from the Writ of Garnishment.

The United States agrees to file an Order in Garnishment pursuant to the above outlined terms. Defendant agrees not to contest this Order in Garnishment so long as the Order represents the above outlined terms. The Parties Agree that 2471 shall remain frozen pursuant to the Writ of Continuing Garnishment pending Defendant's compliance with paragraph 3 of this Consent Order. If Defendant complies with paragraph 3 of this Consent Order, the United States agrees to release 2471 from the Writ of Garnishment.

3

3. Defendant agrees to pay to the United States the full outstanding balance of his criminal monetary penalties, due and payable in full within six months of the Effective Date of this Consent Order. Any payments shall be made using bank-certified funds. All payments made by Defendant pursuant to this Consent Order shall be made payable to U. S. District Court and mailed to P. O. Box 25670 Raleigh, North Carolina 27611. Failure to pay the full outstanding balance of Defendant's criminal monetary penalties within six months of the Effective Date of this Consent Order shall constitute a default under this Consent Order.

4. If Defendant defaults on any terms of this Consent Order, Defendant and Lillian Rodriguez agree to list the following real property for sale and make every reasonable effort to sell the following property for reasonable market value and to a bona fide, third-party purchaser within six months of written notice of the default by the United States:

a. 137 Silver Leaf Drive, Jacksonville, NC 28546.

Provided the sale of the property is conducted in good faith, at reasonable market value, and to a bona fide, third-party purchaser, the United States will not withhold consent to any such sale. If the property is not sold by private sale within six months of written notice of the default by the United States, the Parties will, as soon as practicable but no later than thirty days from the expiration of the six-month period, contract with Rogers Realty & Auction, Inc., located at 1310 EMS Drive in Mount Airy, North Carolina 27030, Telephone Number (336) 789-2926, for sale of the property at auction within six months thereafter. Fifty percent of the net proceeds of the sale, representing Defendant's interest, will be paid to the United States, along with an accounting of the sale. Prior to

4

the closing of any sale of the property (whether by Defendant or by Rogers Realty & Auction), the HUD Settlement Statement indicating the terms of the sale shall be provided to the United States Attorney's Office, Financial Litigation Unit, who must approve the HUD Settlement Statement prior to the completion of the real estate closing. All amounts received by the United States from the sales of the property shall be applied to Defendant's outstanding debt balance. The United States will release any prospective buyer from the lien on the property sold, provided that the sale is made in good faith to a bona fide, third-party purchaser for reasonable market value and 50 percent of the net proceeds from the sale are paid to the United States.

5. In addition, if Defendant defaults on the terms of paragraph 3 of this Consent Order, the parties agree that the United States may file a final Order In Garnishment requiring the Garnishee to shall pay the full amount of 2471 to the United States and Defendant agrees not to contest the final Order in Garnishment. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's criminal judgment. The Parties Agree that the Garnishee shall not provide to the United States any amount greater than the outstanding balance of Defendant's criminal monetary penalties at the time of filing any Order in Garnishment.

6. The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

7. If Defendant defaults on any of his obligations under this Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Order or collect upon the outstanding debt owed by Defendant.

5

8. Nothing in this agreement prevents the Plaintiff from pursuing administrative offsets, including that by the Internal Revenue Service. Any payments applied to this claim by the Internal Revenue Service as a result of a tax return offset will be credited as a payment to the existing balance. Furthermore, the U.S. shall be entitled to pursue any and all remedies to collect such debt as are allowed by law.

9. Defendant agrees that the terms and conditions of this Consent Order are final. If incarcerated, Defendant agrees that this Consent Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

10. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner.

11. This Consent Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

12. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

SO ORDERED. This 23 day of February 2021.

JAMES C. DEVER III
United States District Judge

6

WITH CONSENT:

_Meredith Pace_
MEREDITH E. PACE
Attorney for Defendant

DATE: 2/15/2021

_Frank Rodriguez_
FRANK RODRIGUEZ
Defendant

DATE: 2/14/2021

_Lillian Rodriguez_
LILLIAN RODRIGUEZ

DATE: 2/14/2021

ROBERT J. HIGDON, JR.

_Lauren A. Golden_
BY: LAUREN A. GOLDEN
Attorney for United States of America

DATE: 2/22/2021

7